IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VECTOR ARMS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br><br> MICHAEL OTTE, and MICHAEL'S MACHINES, <br><br> Defendants/Counterclaimants. | ORDER AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:10-CV-991-TC |

On July 2, 2015, Defendants filed a Motion to Dismiss Plaintiff's Claims for Failure to Prosecute and/or Appear (Dkt. No. 29). In response, the court issued an Order to Show Cause why this five-year-old case should not be dismissed for the reasons articulated by the Defendants in their motion. (See Dkt. No. 33.)

An attorney filed a response purportedly on behalf of Vector Arms, Inc. (See Dkt. No. 36.) But from the nature of the response, it appears that counsel is representing Ralph Merrill, an individual who was the owner of Vector Arms, Inc. According to counsel, Vector Arms "became a defunct corporation [in 2011] after this action was filed[.]" (Id. at 2; Decl. of Ronald George (Dkt. No. 38) ¶ 2 and the attached Ex. A.)

Mr. Merrill is not a named party in this action. But counsel claims that "[s]ince Vector Arms, Inc. became defunct, . . . the corporation can no longer pursue the action in its own name and Ralph Merrill will be entitled to continue to pursue the action in his own name as he is the 100% owner of the corporation." (Id.) The motion cites to Johnson v. Nat'l Pub. Serv. Ins. Co.,

536 P.2d 138 (Utah 1975), for the proposition that Mr. Merrill can substitute himself for Vector Arms because "the owner can wind up the affairs of a defunct corporation." (Dkt. No. 36.) The case does not support the proposition for which it is cited. And because Mr. Merrill is not a party to the litigation, he may not move to add himself as plaintiff (as he has done in his Motion for Leave to File Second Amended Complaint (Dkt. No. 37)).

Even if he were allowed to substitute himself for Vector Arms, he should have done so within a reasonable time after Vector Arms became defunct in 2011. The court finds that waiting four years to request leave to file an amended complaint (especially because the request was filed in response to Defendants' motion to dismiss and the court's Order to Show Cause) is not a reasonable time.

For the foregoing reasons, and for the reasons set forth in Defendants' motion to dismiss, the court finds that Vector Arms, Inc. has not established good cause why the case should not be dismissed for failure to prosecute.

**ORDER**

Plaintiff's Motion For Leave to File Second Amended Complaint (Dkt. No. 37) is DENIED. The Defendants' Motion to Dismiss Plaintiff's Claims for Failure to Prosecute and/or Appear (Dkt. No. 29) is GRANTED. This case is hereby DISMISSED WITH PREJUDICE.

SO ORDERED this 19th day of August, 2015.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge